IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DOMANICK BULLOCK, )
)
    Plaintiff, )
)
v. ) 1:18-CV-1041
)
AW NORTH CAROLINA and EFFEX )
MANAGEMENT SOLUTIONS, LLC, )
)
    Defendants. )

# ORDER

Plaintiff Domanick Bullock has sued her former employer, defendant Effex Management Solutions, LLC, and an associated company, defendant AW North Carolina, for gender discrimination. Both AW and Effex have filed motions to dismiss for failure to obtain valid service of process and failure to timely file the complaint under Title VII. Ms. Bullock did not file a response to either motion to dismiss, and the record is clear that she has not properly served either defendant. Therefore, the motion to dismiss will be granted. The Court will withhold entry of judgment for ten days to give Ms. Bullock an opportunity to seek an extension of time to perfect service. If she does not seek such an extension, the Court will enter judgment without further notice.

**I.     Discussion**

Ms. Bullock filed her *pro se* complaint against AW and Effex for employment discrimination in violation of Title VII on December 26, 2018. Doc. 2. She alleged that she filed a charge of discrimination with the Equal Employment Opportunity Commission on April 10, 2018, and that she received a Notice of Right to Sue letter from

the Commission on September 24, 2018. *Id.* at 5–6; *see also id.* at 8 (EEOC Notice of Right to Sue notice, dated September 24, 2018).

Ms. Bullock's application to proceed *in forma pauperis* was granted by the Court on January 3, 2019. Doc. 4. The Court's order provided that the U.S. Marshal would serve the summons and complaint upon the defendants, but that Ms. Bullock was "responsible for preparing and delivering to the Clerk[] the correct summons for service on each defendant, including the correct address and name and title of the individual to be served on behalf of a corporation," and that "[f]ailure to prepare and deliver said summons within 15 days" would result in dismissal without further notice. *Id.*

Under Rule 4(h) and Rule 4(e)(1) of the Federal Rules of Civil Procedure, a plaintiff may serve a corporation in the United States by serving an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or by using any method allowed by state law in the forum state. In North Carolina, a corporation may be served by four methods, including by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(c). All other methods of serving a corporation under North Carolina law require delivery to either an officer, director, or managing agent of the corporation, or to an agent authorized to receive service. *Id.* at Rule 4(j)(6)(a), (b), and (d).

Here, Ms. Bullock provided a summons for Effex addressed to the company at a Kingwood, Texas, address. Doc. 5 at 1. Similarly, the summons for AW was addressed to the company at a Durham, North Carolina, address. *Id.* at 3. Neither summons

contained the name of any officer, director, or managing agent upon whom to effect service, and there is nothing in the record to indicate that Ms. Bullock provided any name to the Marshal for either defendant. *See* Doc. 4 (Court's order requiring Ms. Bullock to provide "the correct address and name and title of the individual to be served on behalf of a corporation").

On January 23, 2019, the Marshal filed a process receipt stating that process was served on AW by certified mail. Doc. 7. The certified mail receipt indicates that the package was addressed to the company and did not contain the name of any individual, any officer, any director, or any managing agent. *See id.* at 2. AW submitted the affidavit of its Human Resources manager, who testified that the complaint and summons were received by a security officer employed by another company who was not an officer, director, or authorized agent of AW. *See* Doc. 10-1 at ¶¶ 8–10.

On March 11, 2019, the Marshal filed a process receipt noting that the summons to Effex was lost in the mail and that service was not executed. Doc. 18. It does not appear that Ms. Bullock undertook any further steps to effectuate service on Effex.

AW and Effex have filed motions to dismiss Ms. Bullock's complaint on the same grounds: lack of personal jurisdiction due to insufficient service of process pursuant to Rule 12(b)(2), (4) and (5), and failure to state a claim pursuant to Rule 12(b)(6) because Ms. Bullock filed her complaint more than 90 days after receiving her EEOC right to sue letter. Docs. 10, 11, 15, 16. Ms. Bullock has not responded to either motion, despite notice of her right to respond and the potential dismissal that might result if she did not. *See* Docs. 12, 17.

Ms. Bullock has not met her burden to show that she has accomplished service of process on either defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure. As to AW, the record establishes that process was served on someone who is not an officer, director, managing agent, or person authorized to receive service. As to Effex, the complaint and summons were never delivered to anyone. Failure to obtain service within 90 days and without good cause is a basis for dismissing the action without prejudice against any unserved defendant. Fed. R. Civ. P. 4(m).

While dismissal is proper when service is insufficient, *see*, *e.g.*, *Maybin v. Northside Corr. Ctr.*, 891 F.2d 72, 73 (4th Cir. 1989), "dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." *McCreary v. Vaughan-Bassett Furniture Co.*, 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (Mag. J, recommendation) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963)). The Court has discretion to dismiss the action or to quash service and allow the plaintiff more time to serve process. *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (collecting cases); *see also McCreary*, 412 F. Supp. 2d at 537–39. If, however, it is so clear that the complaint is subject to dismissal on other grounds that it would be futile to allow a plaintiff more time to properly serve a defendant, the Court may dismiss the case as to this defendant for lack of personal jurisdiction. *Walston v. Cintron*, No. 1:18-CV-517, 2018 WL 6624198, at *2 (M.D.N.C. Dec. 18, 2018); *Davis v. Close*, 1:13-CV-779, 2014 U.S. Dist. LEXIS 185400, at *4 (M.D.N.C. Mar. 17, 2014).

Here, the defendants also contend that Ms. Bullock's complaint was filed after the 90-day period for filing Title VII complaints expired, *see* 42 U.S.C. § 2000e-5(f)(1), and thus, that Ms. Bullock has failed to state a claim. *See* Doc. 11 at 9–11; Doc. 16 at 5–6. If this is correct, allowing Ms. Bullock more time to obtain service would be futile. However, due to holiday closures of the courthouse, it seems likely that Ms. Bullock's lawsuit was timely filed on December 26.[1] Because it is not clear that allowing more time for service would be futile, the Court will not immediately enter judgment and will give Ms. Bullock an opportunity to seek more time to obtain valid service of process.

If Ms. Bullock wishes to pursue this lawsuit, she may file a motion for extension of time to obtain service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Such an extension requires a showing of good cause, which would include an explanation for her failure to provide adequate information to the Marshal so that proper service could be accomplished as well as a showing that her claims are not barred by the statute of limitations. Any such motion must be filed by April 19, 2019. In the absence of such a motion, judgment will be entered for the defendants without further notice for failure to obtain service of process and for failure to prosecute.

---

[1] Ms. Bullock alleged in the complaint that she received the right to sue letter on September 24, 2018, *see* Doc. 2 at 6, giving her until December 23, 2018, to file suit. December 23 was a Sunday, and the courthouses in this district were closed on the following Monday, Christmas Eve, and Tuesday, Christmas Day. Ms. Bullock filed her complaint on December 26, which appears to be the first accessible business day. *See* Fed. R. Civ. P. 6(a)(1)(c) (providing that any period of time ending on a Saturday, Sunday, or legal holiday continues to run until the next day that is not a Saturday, Sunday or legal holiday); Fed. R. Civ. P. 6(a)(3)(A) (providing that, if the clerk's office is inaccessible on the last day for filing, then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday).

## II. Conclusion

Ms. Bullock has not obtained valid service of process on either defendant. However, it is not clear her complaint is otherwise futile and the Court will withhold entry of judgment until April 19 to allow her another opportunity to show good cause for an extension of time to obtain service of process. If she fails to file such a motion, the case will be dismissed without further notice.

Accordingly, it is **ORDERED** that:

1. Service of process on AW North Carolina is **QUASHED**;
2. The motions to dismiss, Docs. 10, 15, are **GRANTED**;
3. Entry of judgment will be withheld until Friday, April 19, 2019. If the plaintiff does not file a properly supported motion seeking an extension of time to obtain service of process by that date, judgment will be entered without further notice.

This the 9th day of April, 2019.

UNITED STATES DISTRICT JUDGE